UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CIT BANK, N.A.,                                            :
                                                           :
                Plaintiff,                 :
                                                           :
      -against-                                     :
                                                           :    **MEMORANDUM AND ORDER**
MATTHEW EKPO, ST. JOHN THE BAPTIST:    17-cv-00787(DLI)(RML)
MONASTERY FOUNDATION OF NYS, INC.,:
NEW YORK CITY ENVIRONMENTAL:
CONTROL BOARD, NEW YORK CITY:
DEPARTMENT OF FINANCE,                                     :
                                                           :
                Defendants.               :
                                                           :
------------------------------------------------------------ X

**DORA L. IRIZARRY, Chief United States District Judge:**

      On February 14, 2017, Plaintiff CIT Bank, N.A. ("Plaintiff"), properly invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, filed this action against Defendants Matthew Ekpo ("Ekpo"), St. John the Baptist Monastery Foundation of NYS, Inc. (the "Monastery"), the New York City Environmental Control Board (the "Control Board"), and New York City Department of Finance ("Department of Finance") (collectively "Defendants"), under New York Real Property Actions and Proceedings Law ("RPAPL") §§ 3801 *et seq.* Plaintiff seeks to foreclose on a mortgage (the "Mortgage") encumbering real property located at 90 Interboro Parkway, Brooklyn, NY (the "Subject Property"). *See generally*, Complaint ("Compl."), Docket ("Dkt.") Entry No. 1. The Control Board and the Department of Finance (the "Non-appearing Defendants") did not appear in the action. While the Clerk of the Court issued a certificate of default against those entities, Plaintiff has not made a motion for default judgment against them. Certificate of Default, Dkt. Entry No. 34.

For the reasons set forth below, Plaintiff's motion for summary judgment is granted, and, notwithstanding its failure to move for default judgment against the Non-appearing Defendants, Plaintiff is granted default judgment and the rights of the Non-appearing Defendants are extinguished.

**I.  Background**

On June 18, 2007, Ekpo obtained the Mortgage for the Subject Property from IndyMac Bank, F.S.B. in the amount of a $402,000.00, which was memorialized in a note (the "Note"). Pl.'s Rule 56.1 Statement ("Pl.'s 56.1 Stmt.") ¶ 1, Docket Entry No. 21-1. Ekpo then transferred ownership of the Subject Property to the Monastery. *Id.* ¶ 2. To date, the Monastery remains the owner of record of the Subject Property. *Id.* Eventually, Plaintiff acquired the Mortgage and Note. *Id.* ¶¶ 3-8. On May 26, 2010, the Mortgage was modified to establish a new principal balance of $438,077.12 and new variable interest rate (the "Modification Agreement"). *Id.* ¶ 10.

At various times, the Subject Property was exempt either fully or partially from paying local property taxes because it was used as a religious mission. *Id.* ¶ 15. In March 2010, property taxes were paid from Ekpo's escrow account and, approximately three months later, Ekpo received a refund for those taxes. *Id.* ¶ 16.

Ekpo failed to make payments as required under the Mortgage as of September 1, 2012 and thereafter. *Id.* ¶ 14. In February 2016, Plaintiff sent Ekpo a Notice of Default and a ninety-day pre-foreclosure notice. *Id.* ¶¶ 19, 21. Ekpo failed to cure the default and Plaintiff invoked its right to accelerate the entire loan balance. *Id.* ¶ 22. To date, the Mortgage remains in default and an unpaid principal balance of $427,249.08, plus interest and fees, remains due. *Id.* ¶ 24.

Plaintiff commenced this action to foreclose on the Mortgage. In their Answer, Ekpo and the Monastery assert the following affirmative defenses and counterclaims: (1) lack of standing;

(2) violations of various mortgage notice requirements; (3) breach of contract; (4) predatory lending; (5) failure to provide financial counseling notices; (6) recovery of attorneys' fees; and (7) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq. See generally*, Answer, Dkt. Entry No. 10.

On March 26, 2018, Plaintiff moved for summary judgment seeking: (1) a judgment of foreclosure against the Subject Property; (2) to strike the affirmative defenses and counterclaims asserted by the Monastery and Ekpo; (3) an award of interest accrued, reasonable attorneys' fees, and costs; and (4) an appointment of a referee to: (a) compute the amounts due under the Mortgage and Note, including the total amount owed in default interest and Plaintiff's fees and costs, and (b) conduct a foreclosure sale of the Subject Property. *See*, Plaintiff's Memorandum of Law ("Pl.'s Mem."), Dkt. Entry No. 21-13. Ekpo and the Monastery oppose arguing that Plaintiff improperly collected tax payments from the property despite the Subject Property's tax-exempt status. Defs.' Opp. at 3. Plaintiff replied. Memorandum of Law in further Support and Opposition to Defendants' Motion to Dismiss ("Reply"), Dkt. Entry No. 23.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A fact is "material" under Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (internal citation omitted). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

Federal Rule of Civil Procedure 56 provides that, in moving for summary judgment or responding to such a motion, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(l)(A). "An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"Rule 56's 'requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" *Patterson v. County of Oneida, New York*, 375 F.3d 206, 219 (2d Cir. 2004) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988)). If assertions in an affidavit "are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements," a court may strike those portions of the filing, or decline to consider those portions that are not based on personal knowledge or are otherwise inadmissible. *Serrano v. Cablevision Sys. Corp.*, 863 F. Supp.2d 157, 163 (E.D.N.Y. 2012) (citations omitted). While the Court need consider only the materials cited by the parties, it may consider any other materials in the record in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(3).

5

**III. Analysis**

**A. Plaintiff Has Established a *Prima Facie* Case to Foreclose on the Subject Property**

To establish a *prima facie* case in a mortgage foreclosure action under New York law, a plaintiff lender must show proof of: "(1) a mortgage; (2) a note; and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, No. 16-cv-3722, 2017 WL 3614456, at *4 (E.D.N.Y. June 16, 2017). The plaintiff lender is entitled to a judgment of foreclosure if it establishes the *prima facie* case. *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 34 (2d Cir. 2012).

Here, on February 23, 2016, Plaintiff served the Notice of Default upon Ekpo, and declared that, under the Note and Mortgage, the entire principal balance, together with all accrued interest, became due immediately because of Ekpo's default. Pl.'s R. 56.1 Stmt. ¶¶ 13, 21-22; *See also*, Defendants' Rule 56.1 Response ("Defs.' 56.1 Response"), Dkt. Entry No. 36-36, ¶¶ 1, 10, 13. As shown by the exhibits accompanying Plaintiff's motion, including the Note, the Mortgage, and the Notice of Default, Plaintiff has demonstrated that: (i) Ekpo owes Plaintiff a debt, which includes the outstanding balance on the Note; (ii) the debt is secured by a valid and enforceable Mortgage; and (iii) Ekpo defaulted on the Note by failing to make the required payments on September 1, 2012, or any other payments since. Pl.'s R. 56.1 Stmt. ¶¶ 1-2, 15, 24-25. Thus, Plaintiff has established a *prima facie* case to foreclose on the Subject Property.

**B. Defendants' Affirmative Defenses and Counterclaims are Stricken**

Plaintiff moves to strike Ekpo and the Monastery's affirmative defenses and counterclaims. In response, Ekpo and the Monastery argue solely that there exists an issue of fact as to whether taxes were paid from Ekpo's escrow account despite the tax-exempt status of the Subject Property. *See*, Defs.' Opp. at 3. Ekpo and the Monastery do not defend or otherwise discuss the rest of their

eleven affirmative defenses and seven counterclaims. As such, these affirmative defenses and counterclaims are deemed abandoned. *See*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) ("[A] court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."). Notably, while Ekpo and the Monastery argue that Plaintiff's "wrongfully" collected tax payments, Ekpo and the Monastery fail to demonstrate how these collections caused Ekpo's default. The parties agree that a tax payment was made in March 2010 and, a month later, a refund was issued to Ekpo's escrow account. It also is undisputed that no taxes were paid from that point forward for a two-year period before the default in September 2012. Ekpo and the Monastery fail to link the "wrongful" tax payment with Ekpo's default. Thus, all of Ekpo and the Monastery's affirmative defenses and counterclaims are stricken.

### C. Plaintiff is Entitled to the Unpaid Balance, Interest, Attorneys' Fees, and Costs

As part of a judgment of foreclosure and sale, Plaintiff seeks an award for the unpaid principal and interest due on the Note and Mortgage, as well as attorneys' fees and costs. The Monastery and Ekpo do not address Plaintiff's requested damages. Nonetheless, upon a finding of liability, the Court still would need to "conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *E. Sav. Bank, FSB v. Rabito*, No. 11-cv-2501, 2012 WL 3544755, at \*7 (E.D.N.Y. Aug. 16, 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). In conducting this inquiry, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." *Id.* (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

Under the Mortgage, Plaintiff is entitled to an award for the unpaid principal and interest due, as well as attorneys' fees and costs. *See*, Mortgage §§ 1, 3-5, 9, 22. However, the Court

7

cannot award judgment on these damages because Plaintiff has not supported the amounts requested adequately. For instance, Plaintiff seeks $427,249.08 as the unpaid balance. In support of that amount, Plaintiff has submitted: (i) an affidavit from Tenisa Brooks, Foreclosure Supervisor, in which she attests to the amounts due under the Note and Mortgage; and (ii) the Note, Mortgage, and Modification Agreement. This evidence is inadequate to establish damages to a "reasonable certainty." *See*, *Happy Homes, LLC v. Jenerette-Snead*, No. 15-cv-1788, 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) ("[S]everal courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan [to establish principal and interest damages in a mortgage foreclosure action]."). Plaintiff has not provided adequate evidentiary support for the claimed amounts. As such, the Court declines to issue a damages award at this juncture and, instead, will appoint a referee to compute the amounts due under the Mortgage and Note, including the total amount owed for the unpaid balance, interest accrued, and Plaintiff's attorneys' fees and costs.

**D. Default Judgment is Granted Against the Non-appearing Defendants**

While Plaintiff has not moved for a default judgment against the Non-appearing Defendants, such relief is appropriate under the circumstances of this case. *See*, *E. Sav. Bank, FSB v. Why*te, No. 13-cv-611, 2015 WL 790036, at *5 (E.D.N.Y. Feb. 24, 2015) (*sua sponte* entering a default judgment against municipal defendant). Under RPAPL § 1311, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary party to the action. N.Y. RPAPL § 1311(3). The RPAPL also requires that, "[w]here the state or any department, bureau, board, commission, council, officer, agency or instrumentality of the state is defendant in an action affecting real property, the

complaint shall set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state a party defendant." N.Y. RPAPL § 202(1).

The Complaint alleges that the Non-appearing Defendants hold liens encumbering the Subject Property that are subordinate to the Mortgage. In support, Plaintiff attached a copy of a title search reflecting judgments those entities hold against Ekpo and the Monastery. *See*, Compl. ¶ 5, Schedule B. These allegations establish the Non-appearing Defendants' interest in or lien on the Subject Property and satisfy the RPAPL's heightened pleading requirements for municipal defendants. *See*, *CIT Bank, N.A. v. Howard*, No. 14-cv-7470, 2018 WL 3014815, at *13 (E.D.N.Y. June 15, 2018). Accordingly, Plaintiff is entitled to a default judgment against the Non-appearing Defendants extinguishing their rights in the Property.

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Summary Judgment is granted. Accordingly, Plaintiff is awarded

(a) a judgment of foreclosure against the Subject Property located in Kings County known as 90 Interboro Parkway, Brooklyn, NY;

(b) a default judgment against the New York City Environmental Control Board and the New York City Department of Finance extinguishing their rights in the Subject Property;

(c) the unpaid balance, interest accrued pursuant to the Mortgage and reasonable attorneys' fees and costs; and

(d) a referee shall be appointed to: (1) compute the amounts due under the Mortgage and Note, including the total amount owed for the unpaid balance, interest accrued, and Plaintiff's attorneys' fees and costs, and (2) conduct a foreclosure sale of the Subject Property.

On or before October 30, 2019, Plaintiff shall provide to the Court a list of five (5) prospective referees, including their *curriculum vitae*, demonstrating their qualification for appointment as referee.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2019

/s/
DORA L. IRIZARRY
Chief Judge